

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-23-2004

# Chen v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2156

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Chen v. Atty Gen USA" (2004). *2004 Decisions*. Paper 782.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/782

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2156

QI DENG CHEN,
Petitioner

v.

JOHN ASHCROFT, Attorney General
of the United States,
Respondent

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Board file no. A76-280-480 )

Submitted under Third Circuit LAR 34.1(a)
April 22, 2004

BEFORE: SCIRICA, Chief Judge, and ROSENN and GREENBERG, Circuit Judges

(Filed: April 23, 2004)

OPINION OF THE COURT

GREENBERG, Circuit Judge.

This matter comes on before this court on Qi Deng Chen's petition for review of a

final order of the Board of Immigration Appeals dated April 7, 2003, affirming, without

opinion, a decision of an immigration judge denying his applications for asylum,

withholding of removal, and deferral of removal under the United Nations Convention Against Torture.  The immigration judge denied Chen relief in an oral decision followed by a written order.  We have jurisdiction under 8 U.S.C. § 1252(a)(1).  As Chen acknowledges, see petitioner's br. at 12-14, our standard of review is deferential both as to the law and the facts, though it is somewhat more expansive on legal issues.  See Abdulrahman v. Ashcroft, 330 F.3d 587, 591 (3d Cir. 2003); Abdille v. Ashcroft, 242 F.3d 477, 483 (3d Cir. 2001).

In considering this matter we are aware that since Congress amended the definition of "refugee" in 1996 to include persons who are subject to, or opponents of, coercive population control programs, federal courts have undertaken the difficult task of determining which types of resistance to such programs merit protection through refugee status.  See, e.g., Li v. Ashcroft, 356 F.3d 1153 (9th Cir. 2004) (en banc).  Here we have reviewed this matter and have concluded that the record supports the immigration judge's finding that Chen has failed to establish persecution arising from resistance to a population control policy.  Rather, any punishment of him would be by reason of his altercation with a public official.  We will not stretch INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A), to include such conduct to be a "political opinion" entitled to protection.

The petition for review will be denied.

———

2